967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathleen CARPENTER, Defendant-Appellant.
 No. 89-50325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1992.
Decided June 3, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Kathleen Carpenter appeals from her conviction by a district court jury on a three count indictment for wire fraud in violation of 18 U.S.C. § 1343 (counts 1 and 2) and interstate transportation of money obtained by fraud in violation of 18 U.S.C. §§ 2314 & 2 (count 3). Carpenter alleges on appeal that the district court erred (1) by excluding testimony regarding her purpose in traveling to Europe; (2) in precluding the use of witness Rude's prior sworn statement to impeach Rude's trial testimony; (3) in excluding Carpenter's American Express bill from evidence; and (4) in restricting the scope of the defense's cross-examination of witness Allington, the victim of the fraud.
 
 
 3
 All of the challenged rulings are discretionary ones. The record does not indicate that the proffered testimony of Power and Plotkin would have contributed materially to the jury's understanding of the defendant's intent with respect to the wire transfer. The district court did not err in precluding impeachment of Rude with her deposition testimony because that deposition testimony did not clearly conflict with her trial testimony. The district court properly concluded that the American Express bill was not relevant to any material issues in the trial. Finally, the court was well within its discretion in limiting cumulative and irrelevant cross-examination of Allington.
 
 
 4
 In addition, the appellant wishes us to examine the cumulative effect of these rulings. There is no basis for holding that the cumulative effect deprived the appellant of a fair trial.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3